JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL JAMES MAYO,

    Petitioner,

v.

SAN BERNARDINO COUNTY, et al.,

    Respondents.

Case No. EDCV 19-0013-PA (JEM)

ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

**INTRODUCTION**

On January 3, 2019, Michael James Mayo ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

Petitioner does not challenge the validity of his conviction or the length of his sentence. Rather, he challenges the allegedly unconstitutional conditions of his confinement. (Petition at 4-5.)[1]

Because Petitioner does not challenge the fact or duration of his confinement, his claims are not cognizable on federal habeas review, and this action should be dismissed

---

[1] The Court refers to the pages of the Petition as they are numbered by the CM/ECF system.

without prejudice to Petitioner re-filing his claims in a civil rights action pursuant to 42 U.S.C. § 1983.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court may summarily dismiss a habeas corpus petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

A district court will entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . ., 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 574, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). "Traditionally, challenges to prison conditions have been cognizable only via [42 U.S.C.] § 1983 while challenges implicating the fact or duration of confinement must be brought through a habeas petition." Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality or duration" of confinement in habeas corpus proceeding and challenge conditions of confinement in civil rights action).

On the face of the Petition it is clear that Petitioner's claims do not challenge the fact or duration of his confinement. Accordingly, his claims are not cognizable on federal

habeas review and the Petition should be dismissed without prejudice to Petitioner filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS ORDERED that (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: January 28, 2019

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE